**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ANAGRAM INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A HERETO, <br><br> Defendants. | Case No.: 1:25-cv-04761 |

**COMPLAINT**

Plaintiff Anagram International, LLC ("Anagram" or "Plaintiff") brings this action against the Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations identified in Schedule A hereto (collectively, "Defendants"). In support of this Complaint, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, as Defendants directly target consumers in the United States, including in Illinois and in this District, through acts of counterfeiting and copyright infringement, as described herein.

3.      Specifically, Defendants, under the cover of aliases, operate Internet enterprises, online marketplaces, profiles, stores and/or accounts (collectively, "Defendant Internet Stores"), through which Defendants use counterfeit or infringing versions of Plaintiff's copyrighted works to sell infringing products to consumers in Illinois and in this District. Schedule A identifies the aliases Defendant's use ("Defendant Aliases") and URLs associated with each Defendant Internet Store.

4.      Defendants have targeted and sought sales from Illinois residents by operating online stores that offer infringing products and shipping to the United States, including to addresses in Illinois and in this District in exchange for payments in U.S. dollars.

## THE PLAINTIFF

5.      Anagram is a Delaware corporation with a principal place of business in Eden Prairie, Minnesota.

6.      Anagram is a leading manufacturer of balloons for every occasion. Anagram's balloon designs make balloons fun while creating the best products and the biggest smiles possible. Anagram leads the world in making balloons fun with consumer-inspired – and inspiring – product development, industry-expanding innovation, and strong, value-added partnerships.

7.      Anagram's products feature Anagram's valuable copyrighted artwork, including images and illustrations (the "Anagram Works").

8.      Anagram is the owner of the federal copyright registrations (the "Copyright Registrations") that protect Anagram's rights to the Anagram Works. Anagram's Copyright Registrations include, among others, United States Copyright Registration Nos. VA 1-206-711, VA 1-206-717, VA 1-206-720, VA 2-059-097, VA 2-060-573, VA 2-062-023, VA 2-070-709, VA 2-073-774, VA 2-158-472, VA 2-176-628, VA 2-185-234, VA 2-192-097, VA 2-197-444,

VA 2-197-452, VA 2-198-751, VA 2-204-649, VA 2-207-692, VA 2-207-701, VA 2-207-797, VA 2-247-339, VA 2-247-340, VA 2-247-342, VA 2-392-990, and VA 2-403-719.

9.      The Copyright Registrations are attached hereto as **Ex. 1**. The copyrights have an effective date that predates the Defendants' acts of copyright infringement.

10.      Anagram has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Anagram Works. As a result, products associated with the Anagram Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the "Anagram Products").



https://anagramballoons.com/products/

11.      The Copyright Registrations are valid, subsisting, and in full force and effect.

12.      Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Anagram Works.

13.     The success of the Anagram Works is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

14.     As a result of Plaintiff's efforts, the quality of the Anagram Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Anagram Works and associate them exclusively with Plaintiff.

15.     Plaintiff has made efforts to protect Plaintiff's interests in and to the Anagram Works. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Anagram Works without the express written permission of Plaintiff.

## THE DEFENDANTS

16.     Defendants are individuals and business entities who, on information and belief, reside outside the United States. Defendants conduct business throughout the United States, including within Illinois and in this District, through the operation of online enterprises such as the Defendant Internet Stores.

17.     Tactics used by Defendants to conceal their identities and the full scope of their infringing operations and relatedness make it virtually impossible for Plaintiff to learn Defendants' true identities and the precise interworking of their counterfeit network.

## THE DEFENDANTS' UNLAWFUL CONDUCT

18.     Plaintiff has identified numerous marketplace profiles associated with the Defendant Internet Stores on third-party platforms, such as Amazon or Walmart.com. See, Schedule A. Defendants use the Defendant Aliases and the Defendant Internet Stores to advertise,

offer for sale, sell, and import Infringing Products to consumers in this District and throughout the United States.

19. According to an intellectual property rights seizures statistics report issued by U.S. Customs and Border Protection ("CBP"), the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2021 was over $3.3 billion, an increase of 152% over the previous Fiscal Year. See, Exhibit 2 (Intellectual Property Rights Seizure Statistics, Fiscal Year 2021), p. 5.

20. CBP reports that the vast majority of its intellectual property seizures correspond to smaller international mail and express shipments, such as those used by Defendants. See, Exhibit 2 at p. 37. CPB also reports that "[t]rade in counterfeit and pirated goods threatens America's innovation economy, the competitiveness of our businesses, the livelihoods of U.S. workers, and, in some cases, national security and the health and safety of consumers." Exhibit 3, p. 1.

21. The Department of Homeland Security ("DHS") has reported that commonly owned and/or interrelated enterprises have many online marketplace profiles that appear unrelated:

> Platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, nor to link one seller profile to other profiles owned by that same business, or by related businesses and owners. In addition, the party that appears as the seller on the invoice and the business or profile that appears on the platform to be the seller, may not always be the same. This lack of transparency allows one business to have many different profiles that can appear unrelated.

Exhibit 4, p. 39 (Combating Trafficking in Counterfeit and Pirated Goods).

22. Defendants go to great lengths to operate anonymously and often use multiple Defendant Aliases to register and operate their networks of Defendant Internet Stores.

23. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some or all of the

Defendant Internet Stores use substantially identical or equivalent language and/or imagery to sell Infringing Products.

24.     In addition, the Infringing Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, certain Defendants are interrelated.

25.     E-commerce store operators, like Defendants, communicate with each other and regularly participate in and/or access websites, such as sellerdefense.cn, to aid in engaging in tactics to avoid detection and/or judgment in pending litigation.

26.     Many of the Defendants' storefronts include other notable common features, including common payment methods, lack of contact information, identically or similarly-appearing products, identical or similarly priced items and volume sales discounts, and the use of similar text and/or images. For some Defendants, these commonalities suggest potential common ownership or coordination.

27.     Moreover, each Defendant unfairly benefits from anonymously operating in the midst of a swarm of dozens of other infringers, each individually, and all collectively, violating Plaintiff's registered copyrights with impunity through misuse of e-commerce platforms and marketplaces. These circumstances indicate that Defendants' infringing actions arise out of the same transaction or occurrence, or series of transactions or occurrences. Further, the Defendants' infringement of Plaintiff's copyrights rights implicates common questions of law and fact.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

28.     Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

29.     At all relevant times, Anagram is, and has been, the owner of all valid and enforceable rights to the Anagram Works, which contain copyrightable subject matter under 17 U.S.C. §§ 101 and 501, et seq.

30.     The Anagram Works have significant value and have been produced at considerable expense.

31.     The Anagram Works are the subject of valid certificates of copyright registrations for the Anagram Works, including the Copyright Registrations attached as Ex. 1. Anagram has complied with the registration requirements of 17 U.S.C. § 411(a) for the Anagram Works.

32.     Defendants do not have any ownership interest in the Anagram Works.

33.     Defendants have had access to the Anagram Works, including via the internet.

34.     Without authorization from Anagram, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivative works of the Anagram Works, as displayed in relation to the Defendant Internet Stores and the corresponding Infringing Products in violation of 17 U.S.C. § 501 and 17 U.S.C. § 106(1) - (3), (5).

35.     Defendants' images, artwork and derivative works are virtually identical to and/or substantially similar to the Anagram Works. Such conduct infringes and continues to infringe the Anagram Works in violation of 17 U.S.C. § 501 and 17 U.S.C. § 106(1) - (3), (5).

36.     Defendants reap the benefits of the unauthorized copying and distribution of the Anagram Works in the form of revenue and other profits that are driven by the sale of Infringing Anagram Products.

37.     The Defendants have unlawfully appropriated Anagram's protectable expression by taking material of substance and value and creating Infringing Anagram Products that capture the total concept and feel of the Anagram Works.

38.     Upon information and belief, the Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to, Anagram's rights.

39.     The Defendants, by their actions, have damaged Anagram in an amount to be determined at trial.

40.     As a result of each Defendants' infringement of Plaintiff's exclusive rights under copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

41.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

42.     Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. Using the Anagram Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Anagram Product or is not authorized by Plaintiff to be sold in connection with the Anagram Works;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Anagram Works;

c. further infringing the Anagram Works and damaging Plaintiff's goodwill;

a. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Anagram Works, and which are derived from Plaintiff's rights to the Anagram Works; and

b. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's rights to the Anagram Works;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, or web hosts for the Defendant Internet Stores, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce the Anagram Works or are derived from the Anagram Works, including any accounts associated with the Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the Anagram Works; and

    c.  take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

5) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED: April 30, 2025

Respectfully submitted,

*/s/ Matthew A. Werber*
Matthew A. Werber (Ill. # 6287658)
mwerber@nixonpeabody.com
Peter Krusiewicz (Ill. # 6342444)
pkrusiewicz@nixonpeabody.com
**NIXON PEABODY LLP**
70 W. Madison St., Suite 5200
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

***ATTORNEYS FOR PLAINTIFF***

4930-5829-5100.1